

# COMMONWEALTH of VIRGINIA

*Office of the Attorney General*
Richmond 23219

**Mark R. Herring**
Attorney General

202 N. 9th Street
Richmond, Virginia 23219
804 - 786 - 2071
804 - 371 - 8946 TDD

October 29, 2020

Patricia S. Connor, Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 E. Main Street, Suite 501
Richmond, Virginia 23219

    Re:    William D. Carmack v. Commonwealth of Virginia, et al.,
             No. 19-2075

Dear Ms. Connor:

      On October 27, 2020, Appellant William D. Carmack filed a Notice of Supplemental Authority to alert this Court of *Democratic National Committee, et al., v. Wisconsin State Legislature, et al.*, No. 20A66, 2020 U.S. LEXIS 5187 (Oct. 26, 2020). That case involved a federal order enjoining a Wisconsin election law and the Supreme Court's refusal to vacate a stay of that injunction. *Id.* at *7. Carmack believes the concurring observations from that decision somehow apply to this case, which involves neither an injunction nor a constitutional challenge to a state statute. Because *Democratic National Committee* has no logical application to the legal issues in this case, this Court should not consider Carmack's request.

      On his retaliation claim under Virginia's Whistleblower Protection Act, Carmack asks this Court to "apply the state law causation standard . . . or certify the question to the Supreme Court of Virginia."[1] But *Democratic National Committee* was more concerned with invalidating state laws, not interpreting state laws. Because the concurring opinions to which Carmack cites do not define any causation burdens of proof or indicate when federal courts should certify questions of law to state courts, *Democratic National Committee* does not merit any consideration under Rule 28(j) of the Federal Rules of Appellate Procedure.[2]

---

[1] Curiously, Carmack argued that "oppositional activity" under the Whistleblower Protection Act should be defined using federal cases interpreting Title VII, not the text of Virginia Code § 2.2-3010. Oral Argument Audio at 2:38-3:00; 38:06-38:26 (mentioning *Crawford v. Metro. Gov't of Nashville*, 555 U.S. 271 (2009), *Saunders v. Metro. Prop. Mgmt.*, 806 Fed. Appx. 165 (4th Cir. 2020), and *DeMasters v. Carilion Clinic*, 796 F.3d 409 (4th Cir. 2015)).

[2] *Democratic National Committee* also does not address Carmack's primary disagreement: the district court's application of the *McDonnell Douglas* framework to Carmack's state statutory discharge claim. Oral Argument Audio at 5:27-6:00.

Fourth Circuit Court of Appeals
October 29, 2020
Page 2

Sincerely,

/s/ *Ryan S. Hardy*
Ryan S. Hardy
Assistant Attorney General

*Counsel for Appellees*

Cc: (via ECF Notice)
E. Lewis Kincer, Jr., Esq. (Counsel for Appellees)
Terry N. Grimes, Esq. (Counsel for Appellant)
Brittany M. Haddox, Esq. (Counsel for Appellant)